UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ZACHARY THOMAS CHAMBLISS,

   Plaintiff,

v.                                Case No. 5:24-cv-140-RH/MJF

CHIEF HAYES BAGGETT,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff alleges that after his roommate attacked him and another person attempted to attack Plaintiff, the Marianna Police Department failed to investigate these incidents. Because federal law does not oblige the local police to investigate crimes, Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1983. The District Court, therefore, should dismiss this civil action to the extent Plaintiff attempts to state a claim under § 1983 and should decline to exercise supplemental jurisdiction over Plaintiff's Florida negligence claim.

## I. BACKGROUND

On July 5, 2024, Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this civil action against Defendant Hayes Baggett in his official capacity as the Chief of the Marianna Police Department. Doc. 1. After screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned afforded Plaintiff an opportunity to file an amended complaint because Plaintiff had failed to state a plausible claim for relief. Doc. 7.

Plaintiff subsequently filed an amended complaint. Plaintiff asserts that Marianna police officers failed to investigate Plaintiff's former roommate after this individual attacked Plaintiff. Doc. 10 at 5; *id.* at 2–5 ¶¶ 2–20. Likewise, the police failed to investigate another individual who attempted to attack Plaintiff. *Id.* ¶¶ 20–22. Plaintiff does not identify a federal right that Defendant purportedly violated. Plaintiff merely asserts that Defendant was negligent under Florida law. *See id.* at 6–12.

## II. STANDARD

Plaintiff is proceeding *in forma pauperis*. Therefore, the District Court must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief can be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–

(iii). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The District Court must accept all well-pleaded factual allegations of the complaint as true and evaluate all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

**A.    Failure to State a Plausible Claim under 42 U.S.C. § 1983**

To state a claim under section 1983, a plaintiff must allege a person acting under the color of state law deprived him of a federal right. *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986). To hold a municipality or county liable under section 1983, a plaintiff must allege that the municipality itself caused the alleged constitutional violation. *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092,

1116 (11th Cir. 2005). That is, a plaintiff must allege that "(1) his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Here, Plaintiff has not alleged that the Defendant deprived him of a right secured by the Constitution or any federal law. *See* Doc. 10. He merely alleges that the Marianna Police Department did not conduct an "investigation . . . into an incident in which [Plaintiff] sustained great bodily harm." *Id.* at 5. But there exists no federal right to have the local police investigate an alleged crime. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *Beard v. O'Neal*, 728 F.2d 894, 899 (7th Cir. 1984); *see also, e.g., Stringer v. Doe*, 503 F. App'x 888, 890–91 (11th Cir. 2013). Federal law also does not create a right to have the local police arrest a criminal, regardless of the egregiousness of the crime committed. *Quire v. Miramer Police Dep't*, 595 F. App'x 883, 886 (11th Cir. 2014) (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005)).

Because Plaintiff has failed to identify a federal right that Defendant violated, he has failed to state a claim upon which relief can be granted.

## B. Any Further Amendment Would be Futile

"Ordinarily, a [*pro se*] party must be given at least one opportunity to amend before the district court dismisses the complaint" with prejudice. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Therefore, before dismissing a lawsuit with prejudice, a district court should "advise a *pro se* plaintiff of the deficiencies in his complaint and give him an opportunity to amend." *Horn v. Estate of Camacho*, 817 F. App'x 872, 875 (11th Cir. 2020).

On August 20, 2024, the undersigned issued an order which explained to Plaintiff that he failed to state a plausible claim under § 1983. Doc. 7. The undersigned afforded Plaintiff an opportunity to amend his complaint. *Id.* Despite being afforded this opportunity, Plaintiff filed an amended complaint that similarly failed to state a claim for relief under federal law. Further amendment would be futile because Plaintiff cannot overcome the fact that federal law does not create a right to have the local police investigate persons or incidents. Therefore, it is appropriate for the District Court to dismiss Plaintiff's claim under § 1983 with prejudice.

**C.    The District Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiff's Claim Under Florida Law**

Plaintiff also attempts to assert a negligence claim under Florida law. Doc. 10 at 6–11. Plaintiff does not state facts which would permit the District Court to exercise subject-matter jurisdiction by virtue of diversity of the parties. Accordingly, the District Court could exercise only supplemental jurisdiction.

"The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). Generally, however, district courts should "dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 n.13 (11th Cir. 2013) (quoting *Raney*, 370 F.3d at 1089). Accordingly, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claim and dismiss this claim without prejudice to allow Plaintiff to pursue that claim in a Florida court.

## IV. CONCLUSION

Because Plaintiff failed to state a plausible federal claim, the undersigned respectfully recommends that the District Court:

1. **DISMISS** Plaintiff's section 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISS** Plaintiff's state law claim without prejudice; and

3. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 25th day of October, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b). Objections to proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations**

**contained in this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**